12-1301-cv
*Hunt v. CNH America LLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of February, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> > *Circuit Judges*,
> JESSE M. FURMAN,
> > *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SHAWN L. HUNT,

> *Plaintiff-Appellant*,

> -v.-                                                            No. 12-1301-cv

CNH AMERICA LLC,

> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | JASON E. ABBOTT (Mark S. Nunn, *on the brief*), Fitzsimmons, Nunn & Plukas, LLP, Rochester, NY. |
| **FOR DEFENDANT-APPELLEE:** | VIVIAN M. QUINN, Nixon Peabody LLP, Buffalo, NY. |

---

[*] The Honorable Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a March 9, 2012 judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 9, 2012 judgment of the District Court be **AFFIRMED**.

Plaintiff Shawn L. Hunt appeals from an order of the District Court granting summary judgment to defendant CNH America LLC ("CNH") on Hunt's claims for defective product manufacture, defective product design, and failure to warn. We assume familiarity with the underlying facts and procedural history of this case.

## BACKGROUND

This lawsuit arises out of a frightening tractor accident that occurred near the dairy farm in Corfu, New York, where Hunt worked. On May 15, 2006, at the behest of their employer, Hunt and a coworker, Larry Carter, drove an International Harvester tractor (the "International Harvester") to tow back a Steiger CA-325 tractor (the "Steiger"), whose transmission had failed while on loan at a nearby farm. The International Harvester weighed 15,000 pounds, as compared to the 47,000-pound Steiger. Additionally, because the Steiger's transmission was disabled, it could not use its engine to assist with braking while descending a steep grade, as the owner's manual directs. As Carter later said, it could be dangerous "[i]f something went wrong." Joint App'x 58.

Nonetheless, Carter devised a plan to tow the Steiger, which he and Hunt attached by chain to the International Harvester. Aware of the risk that the larger tractor could crash into the smaller one when going downhill, Carter instructed Hunt that the driver of the Steiger should supply all of the braking power when going downhill in order to keep the chain taut—even though the Steiger did not have use of its engine for braking.

With Carter in the Steiger and Hunt in the International Harvester, they took off on the road to their farm. Part way through the trip they came to a steep hill and attempted to put the plan into action. Unfortunately, the Steiger's brakes failed, and it crashed into the back of the International Harvester. Both tractors ended up on their sides. Fortunately, Carter, who was wearing a seatbelt and driving the larger tractor, was uninjured. Hunt, on the other hand, suffered serious injury to his right leg.

Sometime later, Hunt brought this lawsuit against CNH, which had previously assumed the liabilities of the Steiger's manufacturer. Hunt claimed that CNH was liable for his injury due to manufacturing defect, design defect, and failure to warn. Hunt and CNH both retained experts. Hunt's expert, Orla Holcomb, maintained that the Steiger's brakes failed, and caused the accident, due a defect in their original design. By contrast, CNH's expert, R.W. Brass, contended that the brakes were properly designed, that Holcomb's theory as to why the brakes failed was purely speculative, and that the accident

2

was caused by failure to inspect and maintain the brakes and misuse of the tractor.[1]

On March 8, 2012, the District Court filed an order granting the following relief to CNH. First, the District Court granted CNH's motion to strike a late-filed supplemental expert report. Second, the District Court granted CNH's motion to exclude Holcomb's expert testimony under Federal Rules of Evidence 702 and 403. Third, the District Court denied Hunt's motion to exclude Brass's expert testimony under Rules of Evidence 702 and 403. Fourth, and finally, the District Court granted summary judgment to CNH on all claims and dismissed Hunt's action. Hunt now appeals that order to the extent that it excluded his expert's supplemental report, excluded his expert's testimony in its entirety without a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and granted summary judgment to CNH.

## DISCUSSION

### A. Exclusion of Holcomb's Supplemental Report

Hunt contests the District Court's decision to exclude a supplemental expert report, submitted pursuant to Federal Rule of Civil Procedure 26(a)(2)(B),[2] which was disclosed after the close of expert discovery and without any request for an extension of the deadline. The District Court excluded

---

[1] For a careful and comprehensive description of the various theories of the two experts, see *Hunt v. CNH America LLC*, 857 F. Supp. 2d 320, 327–34 (W.D.N.Y. 2012).

[2] In relevant part, Federal Rule of Civil Procedure 26(a)(2)(b) provides:

**(2) Disclosure of Expert Testimony**.

. . .

**(B)** *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

**(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;

**(ii)** the facts or data considered by the witness in forming them;

**(iii)** any exhibits that will be used to summarize or support them;

**(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;

**(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

**(vi)** a statement of the compensation to be paid for the study and testimony in the case.

Holcomb's supplemental report pursuant to Federal Rule of Civil Procedure 37(c)(1), which provides that "a party [that] fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

We review the District Court's exclusion of testimony under Rule 37(c)(1) for abuse of discretion. *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006); *see In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (A district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." (internal citations and quotation marks omitted)). "In determining whether the district court acted within its discretion, this Court considers (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson*, 440 F.3d at 117 (internal quotation marks and brackets omitted).

The District Court carefully considered the appropriate factors and concluded that exclusion of the evidence was warranted under Rule 37(c)(1). Indeed, Hunt does not claim that the District Court made any legal error reaching this decision; he simply disagrees with the outcome. We cannot say that the District Court rested its ruling on "a clearly erroneous assessment of the evidence" or made "a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d at 132. Accordingly, we conclude that the District Court did not abuse its discretion in excluding Holcomb's supplemental report.

## B.      Exclusion of Holcomb's Testimony

The District Court excluded the remainder of Holcomb's testimony pursuant to Federal Rules of Evidence 702 and 403.[3] "[T]he district court has a 'gatekeeping' function under Rule 702—it is

---

[3] Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)** the testimony is based on sufficient facts or data;
>
> **(c)** the testimony is the product of reliable principles and methods; and
>
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

charged with 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002) (quoting *Daubert*, 509 U.S. at 597). The District Court must therefore determine whether "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."[4] Fed. R. Evid. 702. "A district court's exclusion of expert testimony is reviewed for abuse of discretion, and a decision to admit or exclude expert scientific testimony is not an abuse of discretion unless it is manifestly erroneous." *Chin v. Port Authority of New York & New Jersey*, 685 F.3d 135, 160–61 (2d Cir. 2012) (internal quotation marks and brackets omitted).

Based on a careful and comprehensive review of his testimony and report, the District Court concluded that "Holcomb's theory of design defect [was] not based on sufficient data and [was] not the product of reliable principles and methods." *Hunt*, 857 F. Supp. 2d at 343. Specifically, the District Court found that Holcomb's theory relied on assumptions not based on evidence and was "unsupported and internally inconsistent." *Id.* at 343; *see id.* at 343–47. Because "his opinions concerning the alleged design defect and causation [were] speculative and not well supported," they were excluded under Rule 702, and, because their "probative value [was] substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury," they were also excluded under Rule 403. *Id.* at 347.

Hunt argues that the District Court "abused its discretion by excluding the opinion evidence of Plaintiff's expert in its entirety, thereby depriving Plaintiff of his right to have a jury 'decide among the conflicting views of different experts.'" Appellant Br. 19 (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 153 (1999)). Hunt does not, however, point to any legal error by the District Court, nor does he identify any factual determination that could be deemed clear error. In short, nothing about the District

---

Federal Rule of Evidence 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

[4] It is worth noting that the District Court operated under a former version of Rule 702, which provided:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (2000). Although the Rule was revised in 2011, the Advisory Committee Note explains: "The language of Rule 702 has been amended as part of the restyling of the Evidence Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only. There is no intent to change any result in any ruling on evidence admissibility." Fed. R. Evid. 702 advisory committee's note.

Court's careful analysis of Holcomb's theory was "manifestly erroneous," *Chin*, 685 F.3d at 161 (internal quotation marks omitted), and its order excluding the expert evidence must therefore be affirmed.

## C. Summary Judgment

Finally, Hunt argues that summary judgment should not have been granted to CNH. We review an order granting summary judgment *de novo* and "'resolv[e] all ambiguities and draw[] all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)).

As to design defect, Hunt concedes that "Holcomb's expert opinion was essential to defeat the defective design aspect of Defendant's motion for summary judgment" and that "[w]ithout proof of causation, such a motion cannot be defeated." Appellant Br. 29. Hence, inasmuch as we have affirmed the District Court's exclusion of Hunt's proffered proof of causation, we must also affirm its grant of summary judgment to CNH on Hunt's design defect claim. Similarly, Hunt has adduced no evidence demonstrating a manufacturing defect, and does not challenge the District Court's grant of summary judgment to CNH on that claim.

As to failure to warn, Hunt argues that there exist triable issues of fact sufficient to preclude summary judgment on his claim that CNH should be held liable for failure to place a "DO NOT TOW" warning on the Steiger. To prevail on such a claim, Hunt must demonstrate that (1) a manufacturer has a duty to warn (2) against dangers resulting from foreseeable uses about which it knew or should have known, and (3) that failure to do so was a substantial or proximate cause of the harm. *Liriano v. Hobart Corp.*, 92 N.Y.2d 232, 237 (1998); *Howard v. Poseidon Pools, Inc.*, 72 N.Y.2d 972, 974–75 (1988).

As the District Court amply explained, Hunt put forth no evidence demonstrating that towing caused the accident. Indeed, not even Hunt's own expert believed that towing was the cause of the Steiger's brake failure. Further, both Carter and Hunt acknowledged that towing the Steiger was a bad idea. A failure to warn that the Steiger should not be towed could not, therefore, be a substantial or proximate cause of the harm. Accordingly, the District Court properly awarded summary judgment to CNH on Hunt's failure to warn claim.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the March 9, 2012 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court